**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

March 25, 2021

**Mayling C. Blanco**
**Partner**
Direct line +1 212 318 3340
mayling.blanco@nortonrosefulbright.com

**VIA ECF**

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re: United States v. Full Play Group, et al.
    Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

The defendant, Full Play Group S.A. ("FPG"), respectfully submits this letter with regard to the government's production of certain information to Your Honor for *in camera* review and in response to the government's March 23, 2021 letter. The Court held a hearing on certain discovery questions on March 3, 2021 and issued an order requiring the government to produce for *in camera* review as soon as possible all PowerPoint decks in its possession from Fox, Torneos, Traffic, Datisa, T&T Sports Marketing Ltd., Fox Pan American Sports, CONCACAF, CONMEBOL, and FIFA (the "Relevant Entities"). (*See* Mar. 3, 2021 Order, "the Order"). We respectfully request that the Court modify the Order to compel the government to produce for *in camera* review all substantive communications from the Relevant Entities regardless of form, PowerPoint decks or otherwise. Additionally, in their March 23, 2021 letter, the government references a letter it is submitting *ex parte* to the Court on behalf of Torneos y Competencias ("Torneos") raising other discovery concerns. We request that the underlying arguments contained in the Torneos letter be made available to the parties so that we can appropriately respond to them.

At the outset, we note that the government's production complied with the Order, which specified only the production of PowerPoint decks. The PowerPoint decks became the focal point of the oral argument as these were specifically referenced in the government's reply of January 15, 2021 submission. (ECF No. 1476 at 4-5). However, this letter also made clear that other substantive communications existed, but that the government would "provide such *information*," rather than the communication itself, only if these were "substantive, material, non-public information not otherwise available in the underlying documents produced by the government." (*Id.* at 4). To ensure that the Court would be considering all substantive communications, after the hearing we engaged in meaningful communications with the government seeking an agreement that there was no material distinction between a substantive PowerPoint and other forms of

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

The Honorable Pamela K. Chen
March 25, 2021
Page 2

NORTON ROSE FULBRIGHT

substantive communication. While we are appreciative that in the course of these communications the government confirmed there are no white papers, we could not reach an agreement on the remainder of the substantive communications in their possession. *Id.* Since the issue remains unresolved, we respectfully request that the Court modify the Order to include for *in camera* review all substantive communications from the Relevant Entities, whether they take the form of PowerPoint decks, reports, presentations, letters, emails, or other communications.

### **Substance over Form – DOJ Guidance**

Substantive communications between the government and the Relevant Entities are indistinguishable from the PowerPoint decks and should be treated in the same manner. The Department of Justice has made clear that in reviewing substantive case-related communications for materiality, the government should focus on substance rather than form. (*See* Memorandum from David W. Ogden, Deputy Attorney General, to Department Prosecutors, *Guidance for Prosecutors Regarding Criminal Discovery*, Jan. 4, 2010 (the "Ogden Memo") ("Prosecutors should also remember that . . . the format of the information does not determine whether it is discoverable. For example, material exculpatory information that the prosecutor receives during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email.")).[1] The Ogden Memo also recognizes that "substantive case-related communications," including communications "between prosecutors and/or agents and witnesses and/or victims" are discoverable and include, but are not limited to, "factual reports about investigative activity, factual discussions of the relative merits of evidence, factual information obtained during interviews or interactions with witnesses/victims, and factual issues relating to credibility." *Id.* There should be no serious dispute that "substantive case-related communications" between the Related Entities and the government can just as easily take the form of a factual report, factual discussions, emails, or letter communications and do not exist only in the form of a PowerPoint deck.

There is strong indicia suggesting extensive substantive communications between the Relevant Entities and the government. In court filings, several of the Relevant Entities reported significant legal fees incurred preparing "investigative reports" and other materials, sometimes even at the request of the government. For example, in its initial victim restitution submission, FIFA wrote that it "prepared investigative reports based on its findings from the above-referenced investigation. These reports bore directly on schemes described in the U.S. criminal indictment, and were ultimately provided to the U.S. government. The fees for preparing the *thousands of pages of reports* and tens of thousands of pages of exhibits, and transmitting them to the Swiss and U.S. governments are CHF 1,716,262.63." (ECF No. 988 at 13) (emphasis added). Similarly, CONCACAF's supplemental victim restitution submission requested: "$1,927,123 in attorney fees and related expenses as a result of its attorneys' participation in the investigation and prosecution of the offenses through activities such as communicating and meeting with the Government [and] preparing and making factual presentations to the Government." (ECF No. 1013 at 7-8). Only 300 pages of PowerPoint decks have been submitted for *in camera* review, only nine

---

[1] FPG understands that Department of Justice guidance to prosecutors is not binding precedent, but nevertheless provides compelling support for production of these communications for *in camera* review.

pages from the confederations, namely CONCACAF. (*See* ECF No. 1505, 1511). This seems wholly inconsistent with the extensive materials FIFA, CONCACAF and other entities claim to have been presented to the government. Any communications made in furtherance of these investigatory mandates, regardless of whether the government in its sole determination as the prosecutors in this matter finds them useful to the defense's case, are material. We are unsure why a communication – a traditional letter, an email, an investigative report, or otherwise – that bears substantive information should be treated differently than PowerPoint decks that contain similar information and which the Court has already ordered be turned in for *in camera* review. Accordingly, FPG respectfully submits that substantive case-related communications, like the PowerPoint decks, should be reviewed in camera

### **Format of Production**

The government indicated in its letters to the court dated March 11, 2021 and March 19, 2021 that "[t]o the extent such presentations include substantive, material, non-public information not otherwise available in the underlying documents produced by the government, the government. . . will disclose, as appropriate, such information in letter form." (ECF No. 1505, 1511). The government's March 23, 2021 letter on behalf of Torneos similarly stated that "to the extent the Court holds that information contained within the PowerPoint decks is discoverable, the government reiterates its request that it be permitted to provide that information in letter form." (Mar. 23, 2021 Gov't Ltr.). Your Honor already noted that: "I don't think the Government should rely on, or make an argument, that because the defense can get the same information from another source it makes this source of that information . . . immaterial." (Mar. 3, 2021 Hr'g Tr. at 63:10-13). Yet, the government has expressed its intention to do just that on several occasions without providing any rationale for this approach. Your Honor has already ruled that at least an *in camera* review is warranted. We simply request that the ruling be extended to similar substantive communications not contained in the form of a PowerPoint.

### **Materiality Standard**

Further complicating this matter is that the government has assumed a more onerous materiality standard than dictated by the case law. (*See* Mar. 3, 2021 Hr'g Tr. at 19:06-11 (describing the materiality standard as "essentially a requirement that there would be some strong indication that the information or documents in question will play an important role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony, assisting in impeachment or rebuttal.")). The government relies on the proposition articulated in *Stein* that "[t]here must be some indication that the pretrial disclosure of the disputed evidence would . . . enable[ ] the defendant significantly to alter the quantum of proof in his favor." *United States v. Stein*, 488 F. Supp. 2d 350, 357 (S.D.N.Y. 2007) (quoting *United States v. Maniktala*, 934 F.2d 25, 28 (2d. Cir. 1991)). However, the *Stein* court made clear that materiality "is not a heavy burden" and emphasized that the government must take a broad view of materiality. *Id.* at 359; *see also United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013) ("Too much should not be required in showing materiality.") (quoting 2 Charles Alan Wright et al., *Federal Practice and Procedure Criminal* § 254 (4th ed. 2013)). "Evidence is material as long as there is a strong

The Honorable Pamela K. Chen
March 25, 2021
Page 4

**NORTON ROSE FULBRIGHT**

indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* FPG raises this concern to ensure that all the parties are operating under a common materiality standard and not under a narrower one than is supported by the case law. In particular, the government has acknowledged that substantive communications related to resolution of the Relevant Entities criminal exposure exist, but the government has determined that such communications "do not include admissions, arguments, or other information material to the case before the Court." (ECF No. 1476 at 4). Clearly, documents that reflect, *inter alia*, the position of alleged coconspirators on whether they broke the law, how they broke the law, which laws they broke or did not break, any denials of liability by the entities or their employees and facts presented to the government in support of any of the foregoing will assist the defense in "uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." The government's mistakenly stringent view of the materiality standard further support FPG's request for *in camera* review of all substantive communications. In light of this divergence in view, we ask the Court to instruct the government to apply the appropriate materiality standard under Rule 16. Moreover, the prosecution team would be hard pressed to conceive of all potential defense strategies.

### *Ex parte* submission

In its March 23rd submission, the government attached an *ex parte* submission by Torneos. As the Court is well aware, e*x parte* submissions are unusual and here there has been no specific reason as to the basis for this particular submission. *See generally United States v. Graham*, 257 F.3d 143, 149-51 (2d Cir. 2001) (recognizing a "strong presumption" in favor of public access to judicial documents.) In this instance, the Court is dealing with complex issues regarding the government's ever growing and more challenging discovery obligations regarding communications with co-defendants in this case. This perplexing, *ex parte* submission not only demonstrates the close relationship between Torneos and the government, but it also underscores the argument that there are many substantive communications that are not PowerPoints but are nevertheless substantive communication that should be reviewed by the Court. To the extent this document is material to the defense, it should be disclosed, and to the extent it contains additional argument relevant to the issue of discoverability, it should likewise be disclosed so that in fairness we can address these issues before the Court. To the extent there are concerns regarding confidentiality, we request that the Court order disclosure of the unredacted letter "For Attorney's Eyes Only." Without disclosure, the parties are left with no opportunity to consider those arguments so that it may respond accordingly.

### Conclusion

For the reasons stated herein, we respectfully ask the Court to modify the Court's prior Order to apply to other substantive communication that are not in the form of a PowerPoint for the Court's *in camera* review. We further request that the ex parte letter from Torneos on the topic of materiality and disclosure should be made available to allow the Defendants to respond.

The Honorable Pamela K. Chen
March 25, 2021
Page 5

NORTON ROSE FULBRIGHT

      We remain at the Court's disposal should Your Honor have any questions or concerns.

Respectfully,

*/s/ Mayling C. Blanco*

Mayling C. Blanco

cc:     Counsel of record (via ECF)
           Clerk of Court (PKC)(via ECF)